UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HUMBERTO RIVERA, JR.,
                Plaintiff,

v.

TOWN OF NEW FAIRFIELD, et al.,
                Defendants.
--------------------------------------------------------------x

**ORDER**

22 CV 1874 (VB)

*[Handwritten: 10/21/22; 10/4/22; Copies Mailed/Faxed and Atty General; Chambers of Vincent L. Briccetti]*

      Plaintiff, who is proceeding pro se, commenced this action against the Town of New Fairfield (the "Town"); New Fairfield Connecticut Police; First Selectmen Patricia Del Monaco; Selectmen Khris Hall; Selectmen Kim Hansen; Sgt. Adam Wagnblas; PO/Trooper Stevenson, and four unidentified police officers on March 3, 2022. (Doc. #1). Plaintiff filed an amended complaint on March 9, 2022. (Doc. #2).

      By Order dated September 1, 2022, the Court granted plaintiff's request to extend the Rule 4(m) deadline to serve Sgt. Wagnblas, PO/Trooper Stevenson, and four unidentified police officers to October 31, 2022. (Doc. #33).

      By Order dated October 11, 2022, the Court extended to October 17, 2022, counsel for the Town's deadline to respond to plaintiff's request for information regarding Sgt. Wagnblas, PO/Trooper Stevenson, and the unidentified police officer defendants. (Doc. #38).

      On October 13, 2022, plaintiff filed a motion for a Local Rule 37.2 discovery conference because John Doe 4 had not been named. (Doc. #39).

      On October 14, 2022, counsel for the Town filed a notice of compliance with court order, describing his responses to plaintiff's requests. (Doc. #40). Counsel identified three John Doe defendants as New Fairfield Resident Trooper's Office ("NFPD") Officer David Koonitsky, Connecticut State Trooper Jaime Olsowy, and Connecticut State Trooper David Tharas. Counsel informed plaintiff that Sgt. Wagnblas retired from the NFPD and has a South Carolina address unknown to the Town. Further, counsel informed plaintiff that there was no record of PO/Trooper Stevenson working for NFPD and counsel believed PO/Trooper Stevenson may be a New York police officer.

      On October 17, 2022, plaintiff filed a motion for leave to file a second amended complaint to substitute defendants John Does 1–3 with the correct names. (Doc. #41).

      Accordingly, it is hereby ORDERED:

      1.    Plaintiff's motion for leave to file a second amended complaint is GRANTED. By **November 21, 2022**, plaintiff shall file a second amended complaint. The second amended complaint shall include the names of the newly identified defendants and shall also include all factual allegations regarding all named defendants. **To be clear, the second amended complaint will completely replace all prior complaints. Therefore, plaintiff shall include all**

1

**information necessary for his claims against all defendants in the second amended complaint.**

2. Once plaintiff has filed the second amended complaint, the Court will screen the second amended complaint and issue an appropriate order directing the Clerk of Court to issue summonses for the newly identified defendants.

3. By **November 21, 2022**, because the Court expects that counsel for the Town will also represent former NFPD Sgt. Wagnblas if and when he is served, counsel shall make additional good faith efforts to identify an address at which Sgt. Wagnblas can be served, or alternatively, inform the Court whether counsel will accept service for Sgt. Wagnblas.

4. By **November 21, 2022**, pursuant to Valentin v. Dinkens, 121 F.3d 72, 76 (2d Cir. 1997), the New York State Attorney General shall ascertain whether PO/Trooper Stevenson was involved in the events described in the amended complaint and identify any other New York State police officers referred to in the amended complaint.

5. Plaintiff's Rule 4(m) deadline to serve Sgt. Wagnblas, PO/Trooper Stevenson, the newly identified defendants, and John Doe 4 is sua sponte extended to **January 18, 2023**.

6. Plaintiff's motion for a Local Rule 37.2 discovery conference is denied without prejudice.

7. Chambers will mail a copy of this Order to plaintiff at the address listed on the docket. Chambers will also mail a copy of this Order to the New York State Attorney General's Office at 28 Liberty Street, New York, New York 10005.

8. The Clerk is directed to terminate plaintiff's motions. (Docs. ##39, 41).

Dated: October 20, 2022
    White Plains, NY

SO ORDERED:

_Vincent L. Briccetti_
Vincent L. Briccetti
United States District Judge