UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HUMBERTO RIVERA, JR.,
                      Plaintiff,

v.

TOWN OF NEW FAIRFIELD; NEW
FAIRFIELD CONNECTICUT POLICE; FIRST
SELECTMAN PATRICIA DEL MONACO;
SELECTMAN KHRIS HALL; SELECTMAN
KIM HANSEN; SGT. ADAM WAGNBLAS,
PO/TROOPER STEVENSON; PO/TROOPER
DAVID KOONITSKY; PO/TROPER JAMIE
OLSOWY; PO/TROPPER JAMES KING; and
PO/TROOPER DAVID THARAS,
                      Defendants.
--------------------------------------------------------------x

**ORDER AND AMENDED
ORDER OF SERVICE**

22 CV 1874 (VB)

      Plaintiff, who is proceeding pro se, commenced this action against the Town of New Fairfield (the "Town"), New Fairfield Connecticut Police, First Selectman Patricia Del Monaco, Selectman Khris Hall, Selectman Kim Hansen, Sgt. Adam Wagnblas, PO/Trooper Stevenson, and four unidentified police officers on March 3, 2022. (Doc. #1).

      By Order dated October 21, 2022 (Doc. #42), the Court set out the procedural history of this case and: (i) granted plaintiff leave to file a second amended complaint by November 21, 2022; (ii) directed counsel for the Town to make additional good faith efforts to identify an address at which Sgt. Wagnblas can be served, or alternatively, inform the Court whether it will accept service for Sgt. Wagnblas; (iii) ordered the New York State Attorney General to ascertain whether PO/Trooper Stevenson was involved in the events described in plaintiff's amended complaint and identify any other New York state police officers referred to in the amended complaint; (iv) sua sponte extended plaintiff's Rule 4(m) deadline to serve Sgt. Wagnblas, PO/Trooper Stevenson, the newly identified defendants, and John Doe 4 to January 18, 2023; and (v) denied without prejudice plaintiff's motion for a Local Rule 37.2 discovery conference.

      On November 17, 2022, the New York State Attorney General filed a letter stating "no New York State Trooper with the first or last name of Stephenson or Stevenson responded to the underlying incident on March 2, 2019. Additionally, this Office has determined that no New York State Trooper with the first or last name of Stevenson or Stephenson was assigned to the Brewster station—the only New York State Police station with jurisdiction over Plaintiff's residence—at the time of this incident." (Doc. #43). Further, the letter stated, "no New York State Troopers were involved in this incident." (Id.)

      On November 19, 2022, plaintiff filed a second letter motion for discovery attesting to his good faith efforts to communicate with counsel for the Town. (Doc. #44). Plaintiff also described the efforts he has made to identify and serve defendants. Plaintiff further said that defendants "the Town Of New Fairfield, New Fairfield Connecticut Police, Selectmen[] Patricia

1

Del Monaco, Khris Hall, and Kim Hansen" have left all waivers of service unanswered. (Id.) Plaintiff stated that he "has evidence of such mailings and can be made available to this honorable court if needed; whether or not it will impose fees or fines on the defendant for refusing the waivers of service. The claimant had to find and spend extra money to have the defendants personally served." (Id.) Additionally, plaintiff stated, "There is still missing information that hasn't been communicated to claimant." (Id.)

On November 21, 2022, counsel for the Town filed a letter in response to plaintiff's second letter motion and the Court's October 21, 2022, Order. (Doc. #45). Counsel detailed the efforts he has made to obtain a mailing address for St. Wagnblas, including confirming that Resident Trooper Sergeant Ieraci and Officer Koonitsky "have independently confirmed that Sgt. Wagnblas' current mailing address is unknown to them or others at the Department and, further, that they have not heard from him or remained in contact with him since his retirement." (Id.) Counsel for the Town provided the following address for an Adam P. Wagnblas, identified through a Google search: 161 Bay Pointe Drive, Chapin, South Carolina 29036, which counsel cannot independently verify. (Id.) Further, since counsel cannot reach Sgt. Wagnblas, he cannot obtain his consent to accept service on his behalf, and notes "there is [no] dispute that Sgt. Wagnblas did not respond to, and thus, was not present at the scene on the night in question." (Id.) Additionally, counsel reiterated that he "has repeatedly explained to plaintiff that he has been provided any and all information related" to New Fairfield personnel involved or present during the events described in the complaint. (Id.) Further, counsel stated, to the best of his knowledge, "there were other responding departments that night including, but not limited to, local police for Brewster, New York, Connecticut State Police, and/or New York State Police." (Id.)

Further, on November 21, 2022, plaintiff filed a second amended complaint, adding defendants PO/Trooper David Koonitsky, PO/Trooper Jamie Olsowy, PO/Trooper James King, and PO/Trooper David Tharas. (Doc. #46).

Accordingly, it is hereby ORDERED:

1. Plaintiff's second letter motion for discovery (Doc. #44), including plaintiff's request to impose fees or fines on defendants for their alleged failure to accept waivers of service, is DENIED. The Court concludes that counsel for the Town has made good faith efforts to engage with plaintiff and comply with the Court's Orders.

2. Plaintiff's Rule 4(m) deadline to serve Sgt. Wagnblas, PO/Trooper Stevenson, PO/Trooper Koonitsky, PO/Trooper Jamie Olsowy, PO/Trooper James King, and PO/Trooper David Tharas) remains **January 18, 2023**.

3. The Clerk is instructed to issue summonses for the newly identified defendants: PO/Trooper Koonitsky, PO/Trooper Jamie Olsowy, PO/Trooper James King, and PO/Trooper David Tharas.

4. Once the Clerk issues summonses for the newly identified defendants, plaintiff is directed to serve the summonses and second amended complaint on these defendants, by the

**January 18, 2023**, Rule 4(m) deadline. As indicated in counsel for the Town's filing dated October 14, 2022 (Doc. #40), counsel for the Town has agreed to accept service for New Fairfield Police Officer Koonitsky.

5.   Once plaintiff has served Sgt Wagnblas and the newly identified defendants, he shall file proof of service of same on the docket.

6.   The time for all defendants to answer, move, or otherwise respond to the second amended complaint is STAYED pending further Court Order. To be clear, no defendants shall answer, move, or otherwise respond to the second amended complaint until directed to do so by the Court.

7.   The Clerk is instructed to remove defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4 from the docket. The Clerk is further instructed to terminate the motions. (Docs. ## 44, 45).

Chambers will mail a copy of this Order to plaintiff at the address listed on the docket.

Dated: November 22, 2022
   White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge