UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HUMBERTO RIVERA, JR.,                           :
                                    Plaintiff,  :
v.                                              :
                                                :
TOWN OF NEW FAIRFIELD; NEW                      :
FAIRFIELD CONNECTICUT POLICE; FIRST             :
SELECTMAN PATRICIA DEL MONACO;
SELECTMAN KHRIS HALL; SELECTMAN
KIM HANSEN; SGT. ADAM WAGNBLAS;
PO/TROOPER STEVENSON; PO/TROOPER
DAVID KOONITSKY; PO/TROOPER JAMIE
OLSOWY; PO/TROOPER JAMES KING; and
PO/TROOPER DAVID THARAS,
                                    Defendants.
------------------------------------------------------------x

**ORDER**

22 CV 1874 (VB)

Plaintiff, who is proceeding pro se, commenced this action on March 3, 2022. (Doc. #1).

By Orders dated October 21, 2022 (Doc. #42), November 22, 2022 (Doc. #47), and January 27, 2023 (Doc. #51), the Court set out the relevant procedural history of the case.

By Order dated January 27, 2023, the Court ordered that defendants Sgt. Adam Wagnblas and PO/Trooper Stevenson would be dismissed from this action, pursuant to Fed R. Civ. P. 4(m), unless by February 9, 2023, plaintiff either: (i) filed on the ECF docket proof of service, indicating these defendants were served on or before January 18, 2023; or (ii) showed good cause in writing for his failure to comply with Rule 4(m). (Doc. #51). To date, plaintiff has not filed on the docket proof of service on Sgt. Wagnblas or PO/Trooper Stevenson, or shown good cause in writing for failure to comply with Rule 4(m). Counsel for Sgt. Wagnblas or PO/Trooper Stevenson have not appeared in this action.

Further, by Order dated January 27, 2023, the Court ordered all defendants to answer, move, or otherwise respond to the second amended complaint by February 16, 2023. (Doc. #51).

On February 6, 2023, defendants Town of New Fairfield, New Fairfield Resident Trooper's Office, First Selectman Patricia Del Monaco, Selectman Khris Hall, Selectman Kim Hansen, and PO/Trooper David Koonitsky (collectively, the "New Fairfield Defendants") filed a motion to dismiss the second amended complaint.  (Doc. #54).

To date, defendants PO/Trooper Jamie King, PO/Trooper Jamie Olsowy, and PO/Trooper David Tharas have not answered, moved, or otherwise responded to the second amended complaint.  However, on February 16, 2023, counsel for King, Olsowy, and Tharas filed a motion to appear pro hac vice in this action.  (Doc. #58).

Further, on February 16, 2023, plaintiff requested leave to amend his complaint or an extension to oppose the New Fairfield Defendants' motion to dismiss, until all defendants answer, move, or otherwise respond to the second amended complaint.  (Doc. #59).

Accordingly, it is HEREBY ORDERED:

1.      Pursuant to Fed. R. Civ. P. 4(m), plaintiff's claims against Sgt. Adam Wagnblas and PO/Trooper Stevenson are **DISMISSED WITHOUT PREJUDICE**.

2.      The Court sua sponte extends, to **March 3, 2023**, the deadline for PO/Trooper James King, PO/Trooper Jamie Olsowy, and PO/Trooper David Tharas to answer, move, or otherwise respond to the second amended complaint.

3.      By **March 17, 2023**, plaintiff must file either (i) a third amended complaint, or (ii) a single opposition, which shall oppose the New Fairfield Defendants' motion to dismiss, and any motion filed by defendants King, Olsowy, and Tharas.

4.      If plaintiff elects to file a third amended complaint, it will **completely replace, not merely supplement, the existing second amended complaint.  Therefore, plaintiff must include in the third amended complaint all information necessary for his claims.  However,**

**plaintiff may not add Sgt. Adam Wagnblas or PO/Trooper Stevenson as defendants in the third amended complaint.**

5.      If plaintiff elects to file a third amended complaint, within 21 days of such amendment, defendants may either:  (i) file an answer to the third amended complaint; (ii) file a motion to dismiss the third amended complaint; or (iii) notify the Court by letter that they are relying on the initially filed motion(s) to dismiss.

6.      If plaintiff elects not to file a third amended complaint, the motion(s) will proceed in the regular course, and the Court is unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendants' motion(s).  See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility"); accord F5 Cap. v. Pappas, 856 F.3d 61, 89–90 (2d Cir. 2017).  Defendants' time to file reply papers shall be governed by the Federal Rules of Civil Procedure and the Local Civil Rules, unless otherwise ordered by the Court.

7.      The Clerk is instructed to terminate Sgt. Adam Wagnblas and PO/Trooper Stevenson as defendants in this action.  The Clerk is further directed to update the docket to substitute defendant "New Fairfield Connecticut Police" with defendant "New Fairfield Resident Trooper's Office."

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: February 17, 2023
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge